IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CR 66

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LONNIE ALTON HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court on February 24, 2020 for a hearing on the Second Motion to Withdraw (Doc. 139) filed by Attorney Theadore J. Besen. Assistant United States Attorney Richard Edwards appeared for the Government. Mr. Besen appeared with Defendant.

I. Relevant Procedural Background

A Bill of Indictment (Doc. 15) filed on May 16, 2018 charged Defendant with the following: (1) in Count One, a drug conspiracy, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) in Count Three, possession with intent to distribute methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. § 841(a)(1); and (3) in Count Four, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Defendant made his initial appearance on May 25, 2018 at which time his request for the appointment of counsel was allowed. The case was assigned to Mr. Besen that day.

At his arraignment on May 30, 2018, Defendant pled not guilty.

On February 11, 2019, the undersigned accepted Defendant's plea of guilty to Counts Three and Four in the Bill of Indictment and recommended that the District Court also accept Defendant's plea.

On April 8, 2019, a Presentence Report was filed. (Doc. 101).

On April 18, 2019, defense counsel filed a motion requesting an extension of the deadline to file objections to the Presentence Report. The motion indicated that a request for a mental health evaluation would be forthcoming. (Doc. 102). That motion was granted and the time for filing objections was extended to allow time for Defendant to undergo a psychological examination. (Doc. 103).

On April 23, 2019, defense counsel filed a Motion for Psychological Evaluation (Doc. 104). The motion was granted on April 24, 2019, and Defendant was committed to the care and custody of the Attorney General for placement in a suitable mental health facility to undergo a psychological examination to determine his competency. (Doc. 106).

A Competency to Stand Trial Evaluation for Defendant (Doc. 118) was subsequently received and a competency hearing was conducted. Defendant was found competent to participate in further proceedings. (Doc. 122).

On October 7, 2019, the undersigned also entered a Show Cause Order regarding certain issues relating to the acceptance of Defendant's guilty plea and the continued representation of Defendant by Mr. Besen. (Doc. 123).

The Government filed a response to the Show Cause Order (Doc. 124) on October 15, 2019. A status conference was held on October 16, 2019 and the Show Cause Order was discharged on October 17, 2019 (Doc. 127).

On October 21, 2019 Defendant filed a response to the Presentence Report (Doc. 128) indicating he had no objections. The final Presentence Report (Doc. 129) was filed on October 22, 2019.

Defendant's sentencing was subsequently scheduled for January 9, 2020 but was continued at Defendant's request. (Docs. 133,134).

On January 21, 2020, Defendant's sentencing hearing was scheduled for February 3, 2020. However, the following day, defense counsel moved to continue the sentencing due to a scheduling conflict. (Doc. 135). That motion was allowed. (Doc. 137).

On January 23, 2020, Mr. Besen filed a Motion to Withdraw (Doc. 136). A hearing on that motion was held on January 27, 2020. At the conclusion of that proceeding, Mr. Besen made an oral request to withdraw the motion, which request was allowed.

On February 21, 2020, Mr. Besen filed the Second Motion to Withdraw.

## II. Discussion and Order

At the beginning of the hearing on the Second Motion to Withdraw, defense counsel advised that he and Defendant continued to have problems in their attorney-client relationship and could not agree on how to move forward with Defendant's case. Defense counsel requested that the courtroom and the record be sealed while the undersigned inquired of Defendant regarding his position on the Second Motion to Withdraw. That request was allowed, and the courtroom and the record were sealed.

The undersigned then heard further from defense counsel and also inquired of Defendant regarding the Second Motion to Withdraw.[1]

The courtroom and the record were then unsealed. The Government took no position with regard to the Second Motion to Withdraw.

In considering the Second Motion to Withdraw, the Court has taken into account the following factors: 1) the timeliness of the Motion; 2) the reasons given by defense counsel and Defendant as to why Mr. Besen's representation of Defendant should not continue; and 3) whether the conflict between Defendant and Mr. Besen is so great that it has resulted in a total lack of

---

[1] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

4

communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

As to timeliness, the Second Motion to Withdraw appears to have been filed reasonably promptly after additional efforts by Mr. Besen and Defendant to work together, following the withdrawal of the first Motion to Withdraw, were unsuccessful. Further, as no new date has been established for Defendant's sentencing, the first factor weighs in favor of allowing the Second Motion to Withdraw.

With respect to the second factor, defense counsel and Defendant have provided reasons as to why they believe Mr. Besen's representation should not continue, including disagreements that exist between them as to matters both past and future. The undersigned finds those disagreements, which were described in further detail during the *ex parte* portions of the hearings on both motions to withdraw, to be legitimate. This factor weighs in favor of allowing the Motion.

With respect to the third factor, Mr. Besen has represented Defendant continuously since his appointment following Defendant's initial appearance. Issues regarding their attorney-client relationship have been raised previously but those issues, at least until recently, were not insurmountable and Mr. Besen's representation continued. For example, during the status conference on October 16, 2019, defense counsel indicated that Defendant would not be

challenging the acceptance of his guilty plea and would not be seeking new counsel. Also, during the hearing on Mr. Besen's previous Motion to Withdraw, and after the undersigned gave defense counsel and Defendant the opportunity to be heard at length regarding the motion, both defense counsel and Defendant expressed a willingness to continue working together. Consequently, Mr. Besen withdrew the motion. It appears, however, that those efforts have been unsuccessful; defense counsel now advises that, in his opinion, the attorney-client relationship is irreparably damaged. Defendant expresses similar sentiments and requests that the Second Motion to Withdraw be allowed. This factor also weighs in favor of allowing the Motion.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Withdraw (Doc. 139) is **GRANTED**, and Mr. Besen is **WITHDRAWN** as attorney of record for Defendant.
2. The Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

Signed: February 25, 2020

W. Carleton Metcalf
United States Magistrate Judge